SHEPPARD, MULLIN, RICHTER & HAMPTON LLP
  A Limited Liability Partnership
  Including Professional Corporations
PETER H. KLEE, Cal. Bar No. 111707
JEFFREY V. COMMISSO, Cal. Bar No. 191267
501 West Broadway, 19th Floor
San Diego, California 92101-3598
Telephone:  619.338.6500
Facsimile:   619.234.3815
E mail         pklee@sheppardmullin.com
                   jcommisso@sheppardmullin.com

Attorneys for Defendant ALLSTATE NORTHBROOK INDEM. CO.

# UNITED STATES DISTRICT COURT

## CENTRAL DISTRICT OF CALIFORNIA – WESTERN DIVISION

| | |
|---|---|
| CHIKA LIM,<br><br>            Plaintiff,<br><br>      v.<br><br>ALLSTATE NORTHBROOK INDEMNITY COMPANY; and DOES 1 to 10, inclusive,<br><br>            Defendants. | Case No. 2:20-cv-10666 DSF (MRWx)<br><br>*Assigned to the Honorable Dale S. Fischer*<br><br>ALLSTATE NORTHBROOK INDEMNITY COMPANY'S MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT OF ITS MOTION FOR SUMMARY JUDGMENT. OR IN THE ALTERNATIVE FOR PARTIAL SUMMARY JUDGMENT<br><br>Date:           January 28, 2020<br>Time:          1:30 p.m.<br>Courtroom:   7D<br><br>Removal Filed:  November 23, 2020<br>Complaint Filed: October 26, 2020 |

# TABLE OF CONTENTS

Page

INTRODUCTION ........................................................................................................ 1

BACKGROUND ......................................................................................................... 1

    A.    *Smith v. Wang,* No. NC6416, Los Angeles Superior Court .................... 2

    B.    *Lim v. Wang*, No. BC661638, Los Angeles Superior Court .................. 3

    C.    This suit. ..................................................................................................... 3

ARGUMENT ............................................................................................................... 4

I.    ALLSTATE IS ENTITLED TO SUMMARY JUDGMENT .......................... 4

    A.    Lim Cannot recover because Allstate already paid the policy limit ................................................................................................ 4

        1.    No fair reading of the policy permits a plaintiff like Lim to recover defense costs. .................................................. 6

        2.    Nor does Section 11580 permit Lim to recover costs she incurred suing Allstate's policyholder ........................................... 7

II.    ALLSTATE IS ENTITLED TO PARTIAL SUMMARY JUDGMENT ON BAD FAITH AND PUNITIVE DAMAGES .......................................... 8

    A.    Allstate's position was fair and reasonable; there is no "bad faith" here ...................................................................................... 8

        1.    Bad faith is more than differing opinions or a mistake. ............... 9

        2.    The Court can decide the "bad faith" issue on summary judgment. ..................................................................................... 10

        3.    Allstate's position was consistent with the law and, consequently, fair and reasonable. ............................................... 10

    B.    Punitive damages are beyond the pale .................................................. 11

        1.    Standards for summary judgment on punitive damages. ........... 11

        2.    The undisputed facts negate any punitive damages. .................. 13

CONCLUSION .......................................................................................................... 13

# TABLE OF AUTHORITIES

**Page(s)**

Cases

*Aceves v. Allstate Ins. Co.*
   68 F.3d 1160 (9th Cir. 1995) ............................................................................. 9

*Allstate Ins. Co. v. Redig*
   No. 17-CV-03343-VC, 2018 WL 3399077 (N.D. Cal. May 14,
   2018) ............................................................................................................ 6, 10

*Anderson v. Liberty Lobby, Inc.*
   477 U.S. 242 (1986) ......................................................................................... 12

*In re Angelia P.*
   28 Cal. 3d 908 (1981) ...................................................................................... 12

*Archdale v. Am. Int'l Specialty Lines Ins. Co.*
   154 Cal. App. 4th 449 (2007) ............................................................................ 5

*Basich v. Allstate Ins. Co.*
   87 Cal. App. 4th 1112 (2001) .......................................................................... 12

*Beck v. State Farm Mut. Auto. Ins. Co.*
   54 Cal. App. 3d 347 (1976) ............................................................................. 11

*Brown v. Guarantee Ins. Co.*
   155 Cal. App. 2d 679 (1957) ............................................................................. 9

*Chateau Chamberay Homeowners Ass'n. v. Associated Int'l. Ins. Co.*
   90 Cal. App. 4th 335 (2001) ........................................................................ 9, 10

*Clark v. California Ins. Guarantee Assn.*
   200 Cal. App. 4th 391 (2011) ............................................................................ 8

*Congleton v. Nat'l Union Fire Ins. Co.*
   189 Cal. App. 3d 51 (1987) ............................................................................... 9

*Fraley v. Allstate Ins. Co.*
   81 Cal. App. 4th 1282 (2000) ...................................................................... 9, 10

*Franceschi v. Am. Motorists Ins. Co.*
   852 F.2d 1217 (9th Cir. 1988) ......................................................................... 10

*Graciano v. Mercury General Corporation*
   231 Cal. App. 4th 414 (2014) ................................................................................. 9

*Howard v. American Nat'l Fire Ins. Co.*
   187 Cal. App. 4th 498 (2010) ................................................................................. 5

*Hughes v. Mid-Century Ins. Co.*
   38 Cal. App. 4th 1176 (1995) ........................................................................ 6, 7, 10

*Karen Kane, Inc. v. Reliance Ins. Co.*
   202 F.3d 1180 (9th Cir. 2000) ............................................................................... 10

*Karsant Family Ltd. Partnership v. Allstate Ins. Co.*
   No. 08-CV-01490-SI, 2009 WL 188036 (N.D. Cal. Jan. 27, 2009) ................ 7, 10

*Lunsford v. Am. Guarantee & Liab. Ins. Co.*
   18 F.3d 653 (9th Cir. 1994) .................................................................................. 10

*Madrigal v. Allstate Indem. Co.*
   No. CV 14-4242 SS, 2015 WL 12747906 (C.D. Cal. Sept. 30, 2015) ................... 5

*Minich v. Allstate Ins. Co.*
   193 Cal. App. 4th 477 (2011) ................................................................................. 8

*Moradi-Shalal v. Fireman's Fund Ins. Co.*
   46 Cal. 3d 287 (1988) ............................................................................................ 8

*Opsal v. United Servs. Auto. Ass'n.*
   2 Cal. App. 4th 1197 (1991) ................................................................................. 11

*Patrick v. Maryland Cas. Co.*
   217 Cal. App. 3d 1566 (1990) .............................................................................. 12

*Prichard v. Liberty Mut. Ins. Co.*
   84 Cal. App. 4th 890 (2000) ................................................................................... 7

*Rappaport-Scott v. Interinsurance Exch. of the Automobile Club*
   146 Cal. App. 4th 831 (2007) ................................................................................. 9

*Reliance Ins. Co. v. Superior Court*
   84 Cal. App. 4th 383 (2000) ................................................................................... 5

*Safeco Ins. Co. v. Guyton*
   692 F.2d 551 (9th Cir. 1982) ................................................................................ 10

*San Diego Housing Com. v. Industrial Indemnity Co.*
　95 Cal. App. 4th 669 (2002) ............................................................................. 7, 8

*Shade Foods, Inc. v. Innovative Prods. Sales & Mktg., Inc.*
　78 Cal. App. 4th 847 (2000) ................................................................................ 12

*Stewart v. Truck Ins. Exch.*
　17 Cal. App. 4th 468 (1993) ................................................................................ 11

*Tomaselli v. Transamerica Ins. Co.*
　25 Cal. App. 4th 1269 (1994) .............................................................................. 12

*Walbrook Ins. Co. v. Liberty Mut. Ins. Co.*
　5 Cal. App. 4th 1445 (1992) .................................................................................. 9

*Waller v. Truck Ins. Exch., Inc.*
　11 Cal. 4th 1 (1995) ............................................................................................... 8

*Wilson v. 21st Century Ins. Co.*
　42 Cal. 4th 713 (2007) ........................................................................................... 9

Statutes

Cal. Civ. Code § 3294 ................................................................................................ 11

Cal. Civ. Code § 3294(c) ........................................................................................... 13

Cal. Ins. Code § 11580(b)(2) .................................................................................. 1, 3

Insurance Code § 790.03 ......................................................................................... 4, 8

Insurance Code § 11580 ............................................................................. 1, 5, 7, 8, 11

Other Authorities

CACI 3943 .................................................................................................................. 13

*Cal. Practice Guide: Insurance Litigation*, ¶ 7:160 (Rutter Group 2020) ................... 7

# INTRODUCTION

Allstate insured Chin She Ying Wang under an automobile policy with a $1 million limit. Wang was involved in a multi-car accident that killed Gregory Smith. Chika Lim was also injured in the accident, but her injuries were relatively minor. Recognizing that she faced massive potential exposure for Smith's death, Wang instructed Allstate to pay its entire $1 million policy limit as part of a $1.3 million settlement of the wrongful death lawsuit brought by Smith's family and estate. Wang also expressly acknowledged that she would be personally responsible for any judgment obtained against her by Lim. Even though Lim knew that there was no more money left on Wang's policy after Allstate settled the wrongful death suit, she sued Wang and obtained a $55,000 judgment plus costs.

California's Insurance Code section 11580 gives prevailing plaintiffs like Lim limited rights as judgment creditors to directly sue insurance companies to recover money available, if any, under insured defendants' insurance policies. Cal. Ins. Code §11580(b)(2). Lim is now suing Allstate as a judgment creditor to recover what she was awarded in her suit against Wang. She also alleges Allstate acted in bad faith. Neither claim is viable.

Allstate has already exhausted the policy limit as Wang instructed. As a result, it doesn't owe anything more under the policy. This is fatal to Lim's claim as a judgment creditor. It also means that Lim's bad faith claim — predicated on Allstate's refusal to pay *more* than its policy limit — fails as a matter of law; without an amount due under the policy, there is no bad faith. Consequently, the court should grant this motion and enter summary judgment in Allstate's favor.

# BACKGROUND

Allstate insured Ms. Chin She Ying Wang under an auto liability policy with a $1 million per occurrence limits, which means that no matter how many people are involved in an accident, $1 million is the maximum amount available under the

policy. (Undisputed Fact 1.) On May 27, 2016, Wang was driving her 88-year-old husband home after an evening out. There was an accident or construction ahead and traffic was slowing. Gregory Smith was on his way home too. Chika Lim was ahead of Smith and the Wangs. Within seconds, all three would be in a terrible crash. (Undisputed Fact 2.) The impact was powerful enough to rupture a fuel tank and start a fire that reduced the three cars to charred frames.

Gregory Smith and Wang's husband perished at the scene. Wang was badly burned as she tried to pull her husband from the burning wreck. Lim, in contrast, was able to walk away from the accident before the fire started.

Then there were lawsuits. In the first suit, Smith's family and estate sued Wang. In the second, filed a few months after the first, Lim sued Smith's estate and Wang. The third suit is this one.

**A.**   *Smith v. Wang,* **No. NC6416, Los Angeles Superior Court**

The Smiths sued Wang for negligence and wrongful death. Allstate hired lawyers to defend Wang and, after negotiations, the Smiths settled for more than $1 million. Wang's Allstate policy had a $1 million limit, so she paid the additional amount herself. Wang knew that Chika Lim had an injury claim and that she'd have to pay still more out of her pocket to settle it or satisfy any judgment. Nevertheless, because of the massive potential exposure presented by the Smiths' claims, Wang was firm in her desire that Allstate pay its limit to settle those claims even if it left her personally responsible for additional damages payments:

> I, CHIN SHE YING WANG, understand that I have the
> right to contest both liability and damages [in] *Smith v.
> Wang*….
>
> \*   \*   \*   \*

-2-

> It is my wish to have Allstate Insurance exhaust my $1 million policy to settle this matter with Plaintiffs Linda Smith and Tamara Smith.
>
> I understand that there will be no additional proceeds to cover any other potential claims against me for this accident (May 27, 2016) including but not limited to the claims of Chika Lim.

(Ex. 3 at ALL002226.)  Wang's decision made sense.  Allstate estimated that the Smiths' damages would exceed $2 million.  Lim, on the other hand, suffered relatively minor injuries and represented a lesser risk.  So Allstate contributed its $1 million limit to settle the Smiths' claims.  (Undisputed Fact 3.)  Although it exhausted its $1 million limit in the settlement of the Smiths' claims, Allstate continued to pay lawyers to defend Wang in Lim's lawsuit.

### B. *Lim v. Wang*, No. BC661638, Los Angeles Superior Court

After the accident Lim was sore (she saw a chiropractor and got physical therapy) and anxious (she went to therapy a few times).  So she sued the Smith Estate and Wang for negligence.  She settled with the Smiths but went to trial against Wang and eventually obtained a judgment for $55,632, as well as a $65,828 award for costs.  (Undisputed Fact 5.)  The judgment apparently remains unpaid.  (Complaint ¶6 and Ex. A at pp. 4-5.)  Although she knows that Allstate exhausted its limits to settle the Smiths' claims, Lim has nevertheless demanded that Allstate pay additional money to satisfy her judgment, her costs, and interest on top of both.  (Complaint ¶¶ 6, 8.)

### C. This suit.

Lim is suing Allstate under Insurance Code section11580(b)(2), which permits a judgment creditor of a policyholder to sue "the insurer on the policy and

-3-

subject to its terms and limitations" recover her judgment. (Undisputed Fact 6.) Lim has two claims. The first is essentially a contract claim based on Allstate's indemnity promise to Wang. (Complaint ¶¶ 10-12.) The second claim is that Allstate violated Insurance Code section 790.03 and, consequently, is liable for bad faith. (Complaint ¶¶14-18.) Lim also includes a prayer for punitive damages. (Complaint ¶21 and p. 6.) The first part of this motion seeks summary judgment on all claims because Allstate paid its limit and owes nothing further. The second part of this motion seeks, on alternative grounds, partial summary judgment on Lim's bad faith and punitive damage claims.

## ARGUMENT

### I. ALLSTATE IS ENTITLED TO SUMMARY JUDGMENT

#### A. Lim Cannot recover because Allstate already paid the policy limit

Wang's Allstate policy protected her from liability for damage arising out of the use of an insured auto. It obligated Allstate to defend her if sued and to pay damages for covered claims. But Allstate's duties were not unlimited. For example, it didn't have to pay to defend or indemnify for uncovered claims. And its duty to pay to settle claims or satisfy judgments ended once it paid the policy limit:

> **Limits Of Liability**
>
> The limits shown on the Policy Declarations are the maximum we will pay for any single auto accident. The limit stated for each person for bodily injury is the maximum we will pay for damages because of bodily injury sustained by one person in any single auto accident, including damages sustained by anyone else as a result of the bodily injury. Subject to the limit for each person, the limit stated for each occurrence is the maximum we will

-4-

pay for damages for bodily injury sustained by two or more persons in any single auto accident.

(Undisputed Fact 4.)

Here it is undisputed and undisputable that (i) the policy had a $1 million limit; and (ii) Allstate paid $1 million under that policy for damages arising out of the May 2016 accident. (Undisputed Facts 1–3.) As a result, there is nothing left for Allstate to pay. *Madrigal v. Allstate Indem. Co.*, No. CV 14-4242 SS, 2015 WL 12747906, at *16 (C.D. Cal. Sept. 30, 2015) (well settled under California law that recovery under section 11580 is restricted to the policy limits); *Howard v. American Nat'l Fire Ins. Co.*, 187 Cal. App. 4th 498, 513 (2010); *Archdale v. Am. Int'l Specialty Lines Ins. Co.*, 154 Cal. App. 4th 449, 480 n.28 (2007); *Reliance Ins. Co. v. Superior Court*, 84 Cal. App. 4th 383, 386 (2000).

The analysis could end here.

Lim, however, has previously attempted to avoid the straightforward result dictated by the policy's plain language by mischaracterizing other parts of the policy where Allstate agrees to make specific and limited payments in connection with the defense of its policyholders, including defense court costs:

**Additional Payments Allstate Will Make**

When we defend an insured person under this Part, we will pay:

1. up to $50 a day for loss of wages or salary if we ask that person to attend hearings or trials….

2. court costs for defense.

3. interest accruing on damages awarded. We will pay this interest only until we have paid, offered, or deposited in court the amount for which we are liable under this policy. We will only pay interest on damages not exceeding our limits of liability.

-5-

>    4. premiums on appeal bonds … but not in excess of our limit of liability….

(Ex. 1 at P000017.)  Lim has argued that the policy's reference to "court costs for defense" and "interest on damages" means that Allstate should pay the "costs" part of Lim's judgment against Wang (and interest on those "costs") regardless of the limit.  The Court should reject this argument because neither the policy nor the law supports it.

1.  No fair reading of the policy permits a plaintiff like Lim to recover defense costs.

As an initial matter, the policy says that when Allstate "defend[s] an insured person" it will pay "court costs for defense" and "interest on damages not exceeding our limits of liability."  The costs that Lim wants are not "defense" costs, they are *plaintiff's* costs.  See, *e.g.*, *Hughes v. Mid-Century Ins. Co.*, 38 Cal. App. 4th 1176, 1182 (1995).  And the interest she seeks is interest on damages that *exceed* the policy limit, because the limit was exhausted before she obtained her judgment against Wang.

The policy, therefore, simply does not obligate Allstate to pay Lim "costs" or "interest" or anything else Lim incurred in suing Wang.  Indeed, courts routinely reject the idea that the phrase "court costs for defense" or similar language obligates an insurer to pay for costs incurred by a plaintiff in an underlying suit:

- In *Allstate Ins. Co. v. Redig*, No. 17-CV-03343-VC, 2018 WL 3399077, at *1 (N.D. Cal. May 14, 2018), the court concluded that Allstate's policy provision that it would pay "all costs [Allstate] incur[s] in the ... defense of any suit against the insured person" did not require Allstate to pay for costs incurred by the plaintiff in the underlying suit — even if those costs could be ultimately imposed on the policyholder.

-6-

- In *Karsant Family Ltd. Partnership v. Allstate Ins. Co.*, No. 08-CV-01490-SI, 2009 WL 188036, at *7 (N.D. Cal. Jan. 27, 2009), the court held that a policy that covered the costs "of defending any suit" did not require Allstate to cover any costs awarded to the plaintiffs in underlying action.
- In *Hughes*, 38 Cal. App. 4th at 1182, the Court rejected the notion that an insurance company's promise to pay in addition to its limits "all costs [it] incur[ed] in the … defense of any suit," required the insurer to "pay court-awarded costs incurred by the party suing [its policyholder] when such costs went beyond the liability coverage limit…."

There are some cases permitting a section 11580 plaintiff to recover costs on commercial liability policies, which commonly contain a "Supplemental Payments Provision" covering "all costs taxed against the insured" on top of the liability limit. See *Prichard v. Liberty Mut. Ins. Co.*, 84 Cal. App. 4th 890, 911 (2000); Croskey *et al.*, *Cal. Practice Guide: Insurance Litigation*, ¶ 7:160 (Rutter Group 2020)  But they do not apply here:  Wang's policy is not a commercial policy, it doesn't have a Supplemental Payments Provision, and it doesn't say Allstate will pay "costs taxed against" her.

2.  Nor does Section 11580 permit Lim to recover costs she incurred suing Allstate's policyholder.

Section 11580 gives Lim the right to sue Allstate directly to satisfy her judgment.  But section 11580 doesn't make Lim a party to the policy contract between Allstate.  Instead, her rights are limited to enforcing "those covenants in the policy that were included for the benefit of the third party creditor." *San Diego Housing Com. v. Industrial Indemnity Co.*, 95 Cal. App. 4th 669, 693 (2002). Unlike indemnity provisions, cost and interest provisions are not among such covenants.  That is why section 11580 doesn't authorize a judgment creditor like

-7-

Lim to sue an insurance company to recover her defense costs or interest. *Id*. at 692-693; *Clark v. California Ins. Guarantee Assn.*, 200 Cal. App. 4th 391, 400-401 (2011) (judgment creditor "may not enforce an award of costs and interest in [an Insurance Code §11580] direct action against the insurer").

* * * *

Because Allstate paid its limit, Lim has no claim against it for any amount due under the policy. Without an amount due under the policy, there can be no claim for breach of the implied covenant of good faith and fair dealing. *Waller v. Truck Ins. Exch., Inc.,* 11 Cal. 4th 1, 36, 44 (1995); *Minich v. Allstate Ins. Co.,* 193 Cal. App. 4th 477, 493 (2011) (where insurer granted judgment as a matter of law on contract claim, bad faith claim also fails). Consequently, the Court should enter summary judgment in Allstate's favor.

## II. ALLSTATE IS ENTITLED TO PARTIAL SUMMARY JUDGMENT ON BAD FAITH AND PUNITIVE DAMAGES

Lim's complaint suggests that she is making a claim that Allstate is liable to her for allegedly violating the Insurance Code Section 790.03. (Complaint ¶14.) But this sort of claim was outlawed decades ago by *Moradi-Shalal v. Fireman's Fund Ins. Co.*, 46 Cal. 3d 287 (1988). Even if she had standing to assert a bad faith claim, it wouldn't matter because Allstate's position was entirely reasonable and supported by case law.

### A. Allstate's position was fair and reasonable; there is no "bad faith" here

The undisputed facts demonstrate that Allstate's position was correct. But even if it were somehow incorrect, it was still at a minimum reasonable. This unavoidable conclusion precludes any bad faith claim as a matter of law.

-8-

1. **Bad faith is more than differing opinions or a mistake.**

Under California law, the mere fact that an insurance company withholds policy benefits that are ultimately determined to be owed does not establish a breach of the implied covenant of good faith and fair dealing. *Chateau Chamberay Homeowners Ass'n. v. Associated Int'l. Ins. Co.*, 90 Cal. App. 4th 335, 346-47 (2001). That is because the implied covenant requires insurers to be reasonable, not flawless or prescient. *Id*.

To prevail on a claim for bad faith, the insured must prove that the insurer withheld benefits unreasonably and without proper cause. *Rappaport-Scott v. Interinsurance Exch. of the Automobile Club*, 146 Cal. App. 4th 831, 837 (2007); *Fraley v. Allstate Ins. Co.*, 81 Cal. App. 4th 1282, 1292 (2000). Absent such a showing of unreasonableness, an insurer's failure to defend gives rise only to contract damages, not tort damages for "bad faith." The standard for finding bad faith "unreasonableness" is high. Mistakes by the insurer, differences of opinion, and bad judgment are not enough. *Congleton v. Nat'l Union Fire Ins. Co.*, 189 Cal. App. 3d 51, 59 (1987) ("Bad faith implies unfair dealing rather than mistaken judgment.").

Further, the element of unreasonableness necessary to prove bad faith must not be confused with the lower standard of negligence. For more than 60 years, California courts have recognized that negligence is not enough. *Brown v. Guarantee Ins. Co.*, 155 Cal. App. 2d 679, 689 (1957) ("negligence alone is insufficient to render the insurer liable"). As one court put it, "so long as insurers are not subject to a strict liability standard, there is still room for an honest, innocent mistake." *Walbrook Ins. Co. v. Liberty Mut. Ins. Co.*, 5 Cal. App. 4th 1445, 1460 (1992). This negligence-is-not-enough rule was adopted by the California Supreme Court in *Wilson v. 21st Century Ins. Co.*, 42 Cal. 4th 713, 726 (2007) and was recently reaffirmed in *Graciano v. Mercury General Corporation*, 231 Cal. App. 4th 414, 425 (2014). Likewise, the Ninth Circuit also recognizes the rule. *Aceves v.*

*Allstate Ins. Co.*, 68 F.3d 1160, 1166 (9th Cir. 1995) ("In California, mere negligence is not enough to constitute unreasonable behavior for the purpose of establishing a breach of the implied covenant.")

2.  The Court can decide the "bad faith" issue on summary judgment.

Significantly, both the Ninth Circuit and California courts have repeatedly affirmed the dismissal of claims for bad faith at the summary judgment stage – even in cases where the insurer was held to have breached the contract. See, *e.g.*, *Lunsford v. Am. Guarantee & Liab. Ins. Co.*, 18 F.3d 653, 656 (9th Cir. 1994); *Franceschi v. Am. Motorists Ins. Co.*, 852 F.2d 1217, 1220 (9th Cir. 1988); *Safeco Ins. Co. v. Guyton*, 692 F.2d 551, 556 (9th Cir. 1982); *Chateau Chamberay*, 90 Cal. App. 4th at 347; *Fraley*, 81 Cal. App. 4th at 1292 (same).

3.  Allstate's position was consistent with the law and, consequently, fair and reasonable.

Here, as in the many cases cited in above, Allstate is entitled to summary judgment on bad faith. Allstate's refusal to pay the judgment, costs or interest is supported by the plain language of the policy. It is also entirely consistent with the federal district courts' reasoning in *Redig* and *Karsant*. And it is also consistent with the California Court of Appeal's approach in *Hughes*. Allstate's position cannot be bad faith when it is in line with existing authority.

For example, in *Karen Kane, Inc. v. Reliance Ins. Co.*, 202 F.3d 1180 (9th Cir. 2000), the Ninth Circuit affirmed summary judgment in favor of an insurer on bad faith based in substantial part because the trial court agreed with the insurer's (erroneous) interpretation of the policy. *Id*. at 1190 ("Reliance's reading of the insurance policy was ultimately incorrect in part, we find that Reliance's interpretation was a reasonable one, noting that the district court found in Reliance's favor."). Here the situation is slightly different because Allstate is relying on other

-10-

courts' prior decisions instead of a prior ruling in this case, but the idea is the same: If you are applying the policy the same way a prior court did, then you are not acting in bad faith.

Similarly, in *Opsal v. United Servs. Auto. Ass'n.*, 2 Cal. App. 4th 1197 (1991), the insurer erroneously denied coverage for a claim, but it did so based on reasoning similar to later dicta by the California Supreme Court. Although subsequent courts declined to follow that dicta, *Opsal* concluded that these facts established that the insurance company's position was not unreasonable. *Id*. at 1205-06. Here too the Court should find that the reasoning supporting Allstate's coverage position – which is identical to that of the judicial opinions cited above – was not unreasonable even if a later court might somehow reach a different conclusion.

### B. Punitive damages are beyond the pale

Regardless of how the Court rules on Lim's section 11580 or bad faith claims, it should dismiss Lim's prayer for punitive damages.

1. Standards for summary judgment on punitive damages.

The high standard for punitive damages is well known, *viz.*, the plaintiff must have "clear and convincing" evidence of malice, oppression, or fraud. Cal. Civ. Code § 3294. Nevertheless, two points apply with particular force to summary judgment in an insurance context.

*First*, even evidence rising to the level of bad faith conduct is not enough to support a punitive damages claim. *Beck v. State Farm Mut. Auto. Ins. Co.*, 54 Cal. App. 3d 347, 355-56 (1976) ("Proof of a violation of the duty of good faith and fair dealing does not establish that the defendant acted with the requisite intent" required for punitive damages); *Stewart v. Truck Ins. Exch.*, 17 Cal. App. 4th 468, 483 (1993) ("'Evidence that an insurer has violated its duty of good faith and fair dealing does

-11-

1  not thereby establish that it has acted with the requisite malice . . . to justify an
2  award of punitive damages.'"); *Patrick v. Maryland Cas. Co.*, 217 Cal. App. 3d
3  1566, 1575-76 (1990) (same).  Rather, "the evidence required to support an award of
4  punitive damages for breach of the implied covenant of good faith and fair dealing is
5  'of a different dimension' from that needed to support a finding of bad faith."  *Shade*
6  *Foods, Inc. v. Innovative Prods. Sales & Mktg., Inc.*, 78 Cal. App. 4th 847, 909-10
7  (2000) (citation omitted).

*Second*, even at the summary judgment stage, the Court must test a punitive
damages claim under the heightened "clear and convincing evidence" standard.
*Basich v. Allstate Ins. Co.*, 87 Cal. App. 4th 1112, 1118-21 (2001); *Anderson v.*
*Liberty Lobby, Inc.*, 477 U.S. 242, 254 (1986) ("in ruling on a motion for summary
judgment, the judge must view the evidence presented through the prism of the
substantive evidentiary burden").  Thus, to survive summary judgment, a plaintiff
must present evidence in support of punitive damages that is strong enough to
command "the unhesitating assent of every reasonable mind."  *In re Angelia P.*, 28
Cal. 3d 908, 919 (1981).  Put differently, to constitute "clear and convincing"
evidence, the evidence must not merely be consistent with the theory of malice,
oppression, or fraud, it must be *inconsistent* with any other explanation:

> Some evidence should be required that is inconsistent with
> the hypothesis that the tortious conduct was the result of a
> mistake of law or fact, honest error of judgment, over-
> zealousness, mere negligence or other such noniniquitous
> human failing.

*Tomaselli v. Transamerica Ins. Co.*, 25 Cal. App. 4th 1269, 1287-88 n.14 (1994)
(internal quotation omitted).

2. The undisputed facts negate any punitive damages.

Lim cannot get within a mile of these standards  As shown above, Allstate acted consistent with the policy and the law.  That is acting in good faith, not bad faith.  But even assuming there some evidence of bad faith, evidence amounting to mere bad faith would not be enough.  It is Lim's burden to come forward with clear and convincing evidence of malice, oppression, or fraud, and corporate ratification of such egregious conduct.  She cannot meet this burden.

*No Malice*.  "Malice" means conduct "intended to cause injury" or "despicable conduct which is carried on by the defendant with a willful and conscious disregard of" the plaintiff's rights.  Cal. Civ. Code § 3294(c).  Here, there is no evidence of intent to injure.  Further, there is no evidence remotely approaching "despicable" conduct, which means "conduct that is so vile, base, or contemptible that it would be looked down on and despised by reasonable people."  CACI 3943.  Nor is there evidence of "conscious disregard."

*No Oppression*.  Nor can Lim show clear and convincing evidence of "oppression."  Like malice, oppression requires a showing of "despicable conduct."  Cal. Civ. Code § 3294(c).  Again, there is no evidence remotely approaching despicable conduct.

*No Fraud*.  Finally, there is no evidence of "fraud."  Even if Allstate got the coverage analysis wrong, it is not accused of misrepresenting anything.  Accordingly, Allstate is entitled to partial summary judgment on Lim's claim for punitive damages, even if the Court permits her bad faith claim to survive.

## CONCLUSION

Lim is a judgment creditor who can only recover her judgment from Allstate if there are benefits available under Wang's policy.  There aren't.  Allstate paid its $1 million limit settling a wrongful death case against Wang.  As a result, Lim is

-13-

entitled to no payment from Allstate. For the same reason her bad faith claim is groundless: there is no bad faith where there is nothing owing under the contract.

The Court should grant this motion and enter summary judgement for Allstate.

Dated: December 21, 2020

SHEPPARD, MULLIN, RICHTER & HAMPTON LLP

By       /s/ Jeffrey V. Commisso
JEFFREY V. COMMISSO

Attorneys for ALLSTATE NORTHBROOK INDEMNITY COMPANY