UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| CHIKA LIM,<br>   Plaintiff,<br><br>     v.<br><br>ALLSTATE NORTHBROOK<br>INDEMNITY CO.,<br>   Defendant. | CV 20-10666 DSF (MRWx)<br><br>Order GRANTING Motion for<br>Summary Judgment (Dkt. No. 8) |

  Defendant Allstate Northbrook Indemnity Company has moved for summary judgment. Allstate argues that Plaintiff cannot recover because Allstate already paid the full amount of the per occurrence policy limit related to the occurrence at issue. The Court deems this matter appropriate for decision without oral argument. See Fed. R. Civ. P. 78; Local Rule 7-15.

  Plaintiff Chika Lim was injured in a serious multi-vehicle automobile accident on May 27, 2016. Allstate's insured, Chin She Ying Wang, was sued by both Lim and the family and estate of Gregory Smith who had been killed in the accident. The Smith claims were settled by Wang and Allstate for in excess of $1 million. Lim later obtained a judgment against Wang for $55,632 in damages and $65,828 in costs. Lim has demanded payment from Allstate, but Allstate has refused, claiming Wang's $1 million per occurrence policy limit was exhausted by the Smith settlement.

  The summary judgment briefing indicates that the liability question is solely contingent on whether the Lim and Smith damages were caused by a single "occurrence." The Wang policy provides:

> Subject to the limit for each person, the limit stated for each occurrence is the maximum we will pay for damages for bodily injury sustained by two or more persons in any single auto accident.

Statement of Uncontroverted Facts ¶ 4.

While there might be a dispute about the details of the collisions,[1] there is no dispute that the Lim and Smith damages occurred within seconds of each other, during the same sequence of events, and were caused by the same negligent conduct of the insured with no intervening cause in between.

> In determining whether, under a particular set of circumstances, there was one accident or occurrence, the so-called "causation" theory is applied. Hence a single uninterrupted course of conduct which gives rise to a number of injuries or incidents of property damage is one "accident" or "occurrence." On the other hand, if the original cause is interrupted or replaced by another cause, then there is more than one "accident" or "occurrence."

United Servs. Auto. Assn. v. Baggett, 209 Cal. App. 3d 1387, 1393 (1989) (quoting State Farm Fire & Cas. Co. v. Kohl, 131 Cal.App.3d 1031, 1035 (1982)).

The Court has little trouble concluding that the Lim-Wong collision and the Smith-Wong collision were part of the same "occurrence" or "accident" because it is undisputed that they were the result of a single uninterrupted course of conduct that gave rise to both Lim and Smith's damages.

---

[1] The parties agree that Wang hit Lim from behind. They appear to differ on whether Wang hit Smith from behind or Smith hit Wang from behind. This difference is immaterial because in either event Allstate paid the Smith parties for damages suffered due to the same uninterrupted conduct by Wang that caused Lim's damages.

Allstate's motion for summary judgment is GRANTED.

IT IS SO ORDERED.

Date: March 19, 2021

_____
Dale S. Fischer
United States District Judge